No. ——

First Circuit

——

## WALKER v. WHITE WOODS PRODUCT COMPANY

——

(June 26, 1926. Opinion and Decree.)

——

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Master and Servant —Par. 159.**

An injured employee whose injury consists of a wound of the right wrist

causing partial disability is entitled to compensation at the rate of sixty per cent of the difference between the wages at the time of the injury and the wages which the injured employee is able to earn during the period of disability not beyond three hundred weeks, under Section 8, Subsection 1 (b), of the Workmen's Compensation Act No. 20 of 1914.

2. **Louisiana- Digest—Master and Servant —Par. 160 (j), 160 (k).**

Article 442 of the Code of Practice provides the manner in which experts may be appointed and if neither party to the suit objected to the examination of these experts on the trial of the case, it is too late to object to a reasonable bill of costs for their testimony after the case has been appealed.

Appeal from the Parish of Washington. Hon. Prentiss B. Carter, Judge.

Action by Thomas Marshall Walker against White Woods Product Company.

There was judgment for plaintiff.

Defendant appealed.

Judgment amended and affirmed.

Bascom D. Talley, of Bogalusa, attorney for plaintiff, appellee.

Ott & Rich, of Franklinton, attorneys for defendant, appellant.

LECHE, J.   Defendant appeals from a judgment condemning it to pay compensation to plaintiff in the sum of sixty per cent of twelve dollars per week for a period of three hundred weeks, beginning May 15, 1924, with legal interest on each weekly installment from the date it is due until paid, subject to a credit of one hundrd and fifty-three dollars, and further condemning it to pay the fees of four physicians who testified as experts, which fees are fixed at twenty-five dollars per day for each physician, for two days, or a total of two hundred dollars.

The main facts in the case are not disputed, viz.: that plaintiff's injury was inflicted while in the employ of defendant, that it consisted of a contused lacerated wound of the right wrist, as a result of which the use of his right hand had been impaired.   The amount of impairment is estimated by three of the physicians at seventy-five per cent and by the other two at from fifteen to twenty-five per cent. It is not disputed that plaintiff, at the time he was injured, was earning fifteen dollars per week, and it is conceded that his compensation should be fixed in accordance with Paragraph C of Section 8 of the compensation law, as amended by Act. 43, p. 74, of 1922.

The cited paragraph provides that compensation shall be fixed at "sixty per centum of the difference between wages at the time of injury and wages which the injured employee is able to earn thereafter during the period of disability, not, however, beyond three hundred weeks".

It is apparent from the nature of the injury that plaintiff is not totally disabled from doing any kind of work.   He is only incapacitated from doing such work as requires the active use and full strength of the right hand.   The fact that demand for compensation is made under Paragraph C of Section 8 is an admission that plaintiff is only partially disabled.   The question in the case, then, is the amount of wages which plaintiff is now able to earn since he has been injured.   The trial judge gave plaintiff judgment at the rate of sixty per cent of twelve dollars per week and consequently found that plaintiff could now

earn three dollars per week or fifty cents per day.

Plaintiff as a witness says that he can hardly do anything; when asked what use he had of his hand with reference to his ability to eat, he evaded a direct answer and said that he could not cut meat or anything like that in his food, and when asked about his ability to dress, said he was just learning how to tie his shoes with one hand, and that he had previously had to have recourse to his little brother to tie his shoes. Both he and his father testified that he had done some plowing on the farm and the father said this kind of work was worth seventy-five cents per day and board.

We believe from the testimony that plaintiff is able to earn, at a conservative estimate, at least one dollar per day, thus making the difference between his former and his present earning ability amount to nine dollars per week, instead of twelve dollars per week.

There is an apparent anomaly in the compensation law, if we correctly have, as conceded by counsel on both sides, gauged the amount of compensation in this case, under Paragraph C of Section 8, for by that paragraph, where the use of the hand is partly impaired, the employee gets sixty per cent of the difference betwen his wages at the time of the injury and the wages he is thereafter able to earn, during the period of disability not to exceed 300 weeks, and under the sixth clause of Paragraph D of the same section he is only entitled to sixty per cent of his wages for 150 weeks if he loses his hand and is totally deprived of its use. Under Paragraph C the plaintiff is entitled as we find the facts, to 60 per cent of nine dollars per week for 300 weeks, and if he had completely lost his hand he would be entitled under the sixth clause of the next paragraph only to sixty per cent of fifteen dollars per week for 150 weeks; in other words, the greater loss would entitle the employee to less compensation. If we have correctly construed the law, this inconsistency may only be rectified by the lawmaker, for we have no right or authority to do so.

Defendant and appellant earnestly complains of that part of the decree which condemns it to pay two hundred dollars for expert witnesses. Plaintiff called three physicians to the witness stand and defendant called one, all four of whom were examined as to their opinion and were used as experts. They attended court for two days and each was allowed a compensation of twenty-five dollars per day. Defendant argues that plaintiff might in the same manner have summoned and examined an unlimited number of experts, and under the ruling made by the trial judge in this case, these proceedings would have become so expensive that it would have been deprived of its right to contest plaintiff's demand for fear of being cast for an excessive amount of costs. Plaintiff justifies his action by saying that defendant with its plenteous means was in a position to consult and advise with experts of ability and that he, in his very limited financial condition, could only offset defendant's advantage in consulting and summoning experts by engaging them as witnesses. Of course, neither of these arguments demand any refutation on the part of this court. Article 442 of the Code of Practice provides the manner in which experts may be appointed and if either of the parties in this suit had objected to the examination of these experts and called the trial judge's attention to the matter and presented to him the question as they have presented it here, he

would have exercised the jurisdiction and discretion vested in him by the cited article of the Code of Practice, and the present complaint by defendant would not have been made. Instead of objecting to this opinion evidence at the time it was elicited, both parties examined these physicians and took advantage of them as witnesses. The compensation allowed to them does not appear to us to be excessive and to deprive them of it, after they had earned it, would be a flagrant injustice.

Believing that the decretal part of the judgment in this case is not in consonance with the terms of the statute, and believing further that our learned brother erred in fixing the amount of compensation due to plaintiff, the judgment appealed from will be recast in accordance with the views herein expressed.

It is therefore ordered that the judgment appealed from be avoided and set aside, that plaintiff have judgment against and recover of defendant compensation at the rate of five 40-100 dollars per week, or sixty per cent of nine dollars per week, beginning May 15, 1924, with legal interest from the date each payment is due until paid, during the period of plaintiff's disability not to exceed 300 weeks; that defendant be recognized as entitled to a credit of one hundred and fifty-three dollars on the compensation thus allowed to plaintiff; that plaintiff have further judgment against defendant for twenty-one dollars; that defendant be condemned to pay the costs of the District Court, including fifty dollars to each of the expert witnesses, Dr. E. E. Lafferty, Dr. J. L. Brock, Dr. D. A. Berwick and Dr. P. E. Bacot, and that plaintiff pay costs of this appeal.