No. 3022

Second Circuit

---

SINGLETON v. WYATT LUMBER CO.

---

(June 28, 1927. Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Master and Servant —Par. 154, 160 (h).

In view of Section 21 and Section 8, Subsection 6, of the Workmen's Compensation Act No. 20 of 1914, the refusal of the insurance company to .make payments unless the injured employee deliver them to his employer to be credited on an account of the indebtedness partly due prior to the accident which was not comprehended in the agreement of the parties constitutes a refusal to perform the obligation on the part of the insurance company and employer, and, therefore, a putting in default is unnecessary.

2. Louisiana Digest—Master and Servant —Par. 160 (b).

The provision in Section 8, Subsection 6, of the Workmen's Compensation Act No. 20 of 1914 permitting voluntary payments to be deducted with the consent of the court is a concession to the employer where such claims are advanced in proceedings under the statute, and, there being no provision for interest on such claims when so advanced, the court cannot allow judgment for interest thereon.

3. Louisiana Digest—Master and Servant —Par. 160 (i), 160 (j), 160 (k); Attorneys—Par. 70.

Where injured employee does not allege a contract with his attorneys for their fees, a written contract filed in evidence is sufficient to base judgment thereon.

4. Louisiana Digest—Master and Servant —Par. 160 (j), 160 (k).

It is too late for the defendant in a Workmen's Compensation case under Act 20 of 1914 to object on appeal to the fees of the experts where such objection was not made before the trial court.

(The recent amendment to Act 20 of 1914 is Act 85 of 1926.—Editor's note.)

Appeal from the Eleventh Judicial District Court of Louisiana, Parish of Sabine. Hon. Hal A. Burgess, Judge.

Action by Paul Singleton against Wyatt Lumber Company.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Boone & Boone, of Many, attorneys for plaintiff, appellee.

Ponder & Ponder, of Many, attorneys for defendant, appellant.

WEBB, J. Plaintiff, Paul Singleton, was injured on January 11, 1926, while performing services under employment with the defendant, Wyatt Lumber Company, and in this action, which was filed on October 26, 1926, plaintiff seeks to recover compensation under the Employers' Liability Statute for permanent total disability to do work of any reasonable character.

The defense interposed was that the action was premature, it being alleged that plaintiff had been placed on compensation and had been paid same in an amount exceeding the amount due at the time of the suit, and further denied that plaintiff's injuries had resulted in permanently totally disabling him to do work of any reasonable character.

On trial, the plea of prematurity was overruled, and judgment was rendered in favor of the plaintiff for compensation at the rate of eleven and 70-100 dollars per week for a period of not exceeding four hundred weeks, subject to a credit of three hundred and sixty-two and 70-100 dollars to be deducted at the beginning of the period, and four hundred and fifty-one and 45-100 dollars to be deducted at the end of the period, the date of the maturity of the first installment being fixed on August 24, 1925, and all installments to bear five per cent per annum interest from maturity.

The decree further fixed the attorney's fees at twenty per cent of the full amount of compensation fixed by the judgment, and further decreed that the defendant should pay all costs, as well as the fees of the experts, which were fixed at ——.

The defendant alone appealed from the judgment, and it urges that the judgment was erroneous on the following grounds:

First: That the plea of prematurity should have been sustained.

Second: That in any event the judgment which allowed four hundred and fifty-one and 45-100 dollars should have allowed interest on such amount from the date of the decree.

Third: That the allowance of attorney's fees was not warranted under the pleadings or evidence.

Fourth: That the court was without authority to fix the amount of the fees of the experts.

Considering these contentions and the evidence relative thereto in the order stated.

(1) The defendant contends that although the accident and injury occurred prior to the amendment of the statute by Act No. 85 of 1926, Paragraph (b) of Subsection 1 of Section 18 of the amendatory statute which reads:

"Unless in the verified complaint above referred to it is alleged (where the complaint is filed by the employee or his dependents) that the employee or the dependent is not being or has not been

paid, and that the employer has refused to pay, the maximum per centum of wages to which petitioner is entitled under the provisions of this act, the presentation of filing of such complaint shall be premature and shall be dismissed; when such allegation is contained in such complaint and is denied by the employer at the time fixed for the hearing thereunder by the court, if it be shown that such allegations are without reasonable cause or reasonable foundation in fact, said complaint shall be dismissed; and the question of whether or not such allegation of non-payment is justified under the facts shall be determined by the court before proceeding with the hearing of the other issues involved"; controls, and that the evidence shows that the allegation made by plaintiff that defendant had failed and refused to pay was made without reasonable cause or foundation.

While plaintiff urges that the amendatory statute cannot be given retroactive effect, we do not deem it necessary to pass upon that question, as we think it may be conceded that the paragraph quoted should be given retroactive effect, and yet we are of the opinion that the judgment overruling the plea of prematurity was correct under the evidence.

After plaintiff was injured there was some understanding between plaintiff and defendant as to which the representative of defendant says:

"The agreement was * * * that we furnish him supplies, house rent and money as he needed it and he was to pay it back out of compensation from the insurance that was received, apply it as compensation";

and while it does not appear on what date the agreement was made, we assume it was after the plaintiff had returned from the hospital (as the injuries received by plaintiff were very serious and required immediate attention) and after the first payment for compensation was made, as the account filed in evidence shows the first advances to have been made in February.

The account shows that defendant made advances of money, supplies, etc., to plaintiff from February to October, 1926, which, together with an item for $47.00, excess medical bill, and an item of $4.45 due defendant by plaintiff for an indebtedness incurred prior to the injury, amounted to $814.15; and it further appears the insurance company remitted its checks for the amounts of weekly compensation due plaintiff until about August 24, 1926, which remittances were by check through defendant who presented same to plaintiff who would endorse the checks and deliver them to defendant who would collect the checks and credit plaintiff's account with the same.

For some reason which is not made clear by the evidence but which shows that there was some dispute between the insurance company, defendant and plaintiff, which counsel for defendant states was that plaintiff, desiring to obtain cash for the checks remitted by the insurance company refused to endorse them to defendant for credit on the account, the insurance company discontinued payment.

The defendant contends that the advances were made in payment of compensation and that the amount of the advances being in excess of the amount that was due for compensation at the date of the suit there was not any amount due; and, further, that if it should be said that

the amounts advanced were not in payment of compensation the evidence fails to show that any demand had been made for payment.

We are of the opinion that the agreement of the parties as stated by defendant's representative when considered in connection with the fact of the insurance company making the remittances and of their application on the account, refutes the contention that the advances made were in payment of compensation; and we are also of the opinion that under the evidence it was unnecessary for plaintiff to make a formal demand for payment of compensation, conceding that the evidence does not show that a demand was made.

From the evidence and statement of counsel it appears the insurance company refused to make the payments unless the plaintiff would deliver same to defendant to be credited on the account, which account shows one item for indebtedness due prior to the accident and which was not comprehended in the agreement of the parties; and, besides, while it may be properly said that plaintiff should abide by his agreement, yet the agreement must be considered as made with reference to the statute, and as the statute expressly provides that the claim for compensation is not subject to seizure nor assignable (Section 21) and that deductions for advances may be made with the approval of the court (Section 8, Paragraph 6), the demand made by defendant was not warranted by the statute and the refusal to pay only on compliance with such demand relieved plaintiff of a formal demand that would have been vain and useless.

A putting in default would be a ceremony and unnecessary in the presence of an acknowledged inability or refusal to perform. (Allen, West & Bush vs. Steers, 39 La. Ann. 586, 2 South. 199.)

(2) The total amount of advances was $814.15 and the judgment which allowed a credit of $362.70 in effect only allowed the credits for the checks which had been collected by defendant to stand, and in allowing the credit for the balance of the account or $451.45 at the end of the period substantially followed the statute (Section 8, Paragraph 6), and the only contention of defendant is that interest should be allowed on the latter amount.

The statute does not undertake to relieve persons who may be injured of their obligations for advances made to them during the period of their disability, but it does undertake to provide that the amount to be paid shall be secured against its application to obligations of the person injured or speculation, and the provision permitting voluntary payments to be deducted with the consent of the court is a concession to the employer where such claims are advanced in proceedings under the statute; and there is no provision for interest on such claims when so advanced, and the defendant has no cause to complain of the judgment which allowed deduction for the amount of the account. (Dulaney vs. Ferd. Brenner Lumber Co., 154 La. 155, 97 South. 349; Quave vs. Lott-Batson Lumber Co., 151 La. 1052, 92 South. 678.)

(3) While counsel for plaintiff did not allege that they had a contract for their fees, a written contract was filed in evidence, and the judgment is in accord with the contract and the statute, and defendant has no cause to complain of the decree in that respect.

(4) It is claimed that the judgment which fixed the fees of the experts was unwarranted. However, it does not appear that defendant made any objection to the judgment in that respect before the trial court and it is too late to object on appeal. (Walker vs. White Woods Product Co., 4 La. App. 403.)

The judgment is therefore affirmed.