### HAMMONS v. MISSISSIPPI COTTONSEED PRODUCTS CO. et al.
### No. 4927.

Court of Appeal of Louisiana.
Second Circuit.
April 1, 1935.

Fink & Fink, of Monroe, for appellant.

Snyder & Sevier, of Tallulah, for appellees.

DREW, Judge.

Plaintiff instituted this suit under the Workmen's Compensation Act (Act No. 20 of 1914, as amended) for the loss of an arm. He alleged he was an employee of defendants and received the injury due to an accident which occurred while he was performing duties in the regular course of his employment. He claims compensation for total permanent disability at the rate of 65 per cent. of his weekly wages for a period of 400 weeks, less the sum of $262 previously paid by defendants.

Defendants filed an exception of prematurity, which is as follows:

"That this said action is prematurely brought; that plaintiff sets forth as his cause of action the loss of an arm, caused by an accident which he alleges occurred during his employment by defendants; that your defendants have never refused to pay to plaintiff the amount which he was entitled to claim under the Employer's Liability Act of Louisiana, but that, on the contrary, your employers have promptly and without fail paid to plaintiff the amount he was entitled to receive each week under the law of Louisiana, and that defendants having so paid and are continuing to pay the full amount to which said plaintiff is entitled by law, this action is prematurely brought, defendants not having refused to pay the full amount imposed upon them by law to pay to said plaintiff, and there having been no denial of such liability as fixed by law on the part of defendants, this action is brought by plaintiff without cause and prematurely, and said action will not lie until and unless defendants deny liability or refuse to make the payments as fixed by law, which they have not done.

"Wherefore, exceptors pray that this exception be maintained and that the said plaintiff's demands be dismissed with costs."

The exception was sustained by the lower court and plaintiff's suit dismissed. From this judgment plaintiff has appealed.

On trial of the exception the manager of defendants' companies testified that all compensation due plaintiff up to the time suit was filed had been paid, part in weekly payments, and part advanced or paid before it was due, and at the time suit was filed plaintiff was being paid regularly 65 per cent. of the weekly wages he received at the time he was injured. All doctor's bills, sanitarium and nurses' bills had also been paid.

'Plaintiff testified that at the time he filed the suit he had been paid all compensation due him up until that time, but not in regular weekly payments. It is clear there was nothing due plaintiff at the time suit was filed, if the amounts advanced over and above the amount of weekly compensation due on March 23, 1933, when $100 was advanced, and on April 29, 1933, when another advance of $125 was made, could be applied to the weekly compensation due between those dates and the date suit was filed.

The only question for determination is: Should the advances made to plaintiff be deducted from the first weekly payments due, or from the last weekly payments that will be due? The advances made to plaintiff were at his request, as is shown by the following receipt:

"I, G. W. Hammons, on this 23rd day of March, 1933, do acknowledge receipt in cash by check No. 549, from Tallulah Oil Mill & Gin, Mississippi Cottonseed Products Company lessee, the sum of $100.00, as an advance which is to be deducted with proper discount from the weekly payments being made me for compensation as specified by the Workmen's Compensation Act of Louisiana.

"G. W. Hammons."

This court has determined the above question in the case of Thibeau v. Dutton & Mercer, 17 La. App. 338, 136 So. 186, wherein we held that excess payments, voluntarily made, only had the effect of shortening the term of the payments. Subdivision 6, subsec. 1(d), § 8, p. 114 of Act No. 85 of 1926; Hulo v. City of New Iberia, 153 La. 284, 95 So. 719; Singleton v. Wyatt Lumber Company, 6 La. App. 627.

The only way the term of payments could be shortened would be to apply the excess payments to the last part of the term, otherwise one would have a period of payments extending over the entire number of weeks due with intervals in that period when no payments would be made, which would be in direct conflict with subdivision 6, subsec. 1(d), § 8 of Act No. 85 of 1926, which forbids the application of such excess voluntary payments to reduce the amount of weekly payments. If the weekly payments cannot be reduced, they cer-

tainly could not be stopped entirely for any period of time.

We therefore conclude that defendants had not paid to plaintiff the maximum amount of weekly compensation due him up to the time of the filing of suit, and the suit was therefore not premature and the exception of prematurity should have been overruled.

It therefore follows that the judgment of the lower court is reversed, and the case remanded for further proceedings, in accordance with law.