Edward H. Cranmer, Jr., the husband of plaintiff, was accidentally killed on October 3, 1939, while performing the duties of his employment with the City of Shreveport, Louisiana. Liability to plaintiff, his widow, for workmen's compensation for 300 weeks was conceded by the City and its insurer, the Fidelity and Casualty Company of New York, and weekly payments of $20 were regularly and voluntarily made to her by said insurer for 182 weeks. On or about March 30, 1943, it was discovered that, based upon the wages of the deceased, the correct amount of weekly payments due plaintiff was $18, and, therefore, she had been overpaid $364. The insurer at that time advised plaintiff's attorneys of the situation and in its letter communicating the facts, said:
"We would be agreeable to discontinuing the payment of compensation until a sufficient number of weeks have expired to make up the overpayment, which would be approximately Twenty weeks, or we would be agreeable to continuing the payments, at the rate of $18.00 per week, but would simply stop payment of compensation all together approximately twenty weeks prior to the time that the payments would have been stopped, had this overpayment not been made."
Neither of the propositions submitted in this letter was accepted by plaintiff. This suit against the insurer followed.
Plaintiff, after alleging that payments of $20 had been made to her for 182 weeks, and thereafter discontinued without just grounds, also alleged that the entire balance, 118 at $20 per week, was due her and should be paid in lump sum; and, in the alternative, she prays for judgment for $20 per week for said 118 weeks beginning March 30, 1943, and for attorneys' fees.
Defendant denies the right of plaintiff to recover the balance due her in lump sum and asserts the correctness and legality of its position and attitude toward her after discovering the error in payments above mentioned; and avers that it intends to resume payments of $18 per week to plaintiff after the lapse of sufficient time to make up for the overpayment of $364.
The case was tried upon agreed statement of facts. There was judgment rejecting plaintiff's demand at her cost and she appealed.
Defendant resumed payments to plaintiff of $18 per week on September 21, 1943, but we are advised none of the checks therefor have been collected by her.
There is no dispute that plaintiff was paid in excess of the amount of compensation due her to March 30, 1943, being the sum of $364. The amount was paid in error. If no further compensation had *Page 222 
been due plaintiff, surely a suit by the insurer to recover the aggregate of the excess payments could have been maintained against her. R.C.C. arts. 2301, 2302. But, as additional payments were due her, obviously equitable method of adjusting the matter lay in adopting one of the two courses outlined by defendant in its letter to her counsel. She was given the option of determining the course to be followed, and, having refused to make a selection, defendant was within its rights in doing so.
Contingencies of the sort now discussed are taken care of by the sixth subdivision of section 8 of the Workmen's Compensation Law, Act No. 20 of 1914, as last amended by Act No. 242 of 1928, p. 361. It reads:
"Any voluntary payments made by the employer or his insurer either in money or otherwise, to the injured employee, or his dependents, and which are accepted by the employee, which, by the terms of this act, were not due and payable when made, may, subject to the approval of the court, be deducted from the payment to be paid as compensation; provided, that in case of disability, such deductions shall be made by shortening the period during which compensation shall be paid, and not by reducing the amount of the periodical payments."
It will be seen from a cursory reading of this clause that defendant had the right to deduct the aggregate of the erroneous payments from the balance of compensation due plaintiff. This could have been done in more than one way. The method defendant adopted, after plaintiff's refusal to elect, was clearly within the permissive phase of the quoted provision. If the case had been one of disability, of course, the overpayments would have had to be absorbed by shortening the period of payments.
It is to be noted also in the quoted provision that payments made when not due, "may, subject to the approval of the court, be deducted", etc. Plaintiff's counsel argue that since defendant's action in discontinuing payments in the manner and for the period stated, was not preceded by judicial sanction, such action was illegal and null; and since payments were discontinued for more than six weeks, the court should now order the entire balance due paid in lump sum. We are certain this contention is not well founded.
We think it was not intended by the Workmen's Compensation Law that in a simple case of overpayment, such as appears here, the court's consent should be procured as a condition precedent to a valid adjustment of the differences arising from such payments. "Subject to the approval of the court" simply means that the matter, even when disposed of by agreement of the parties or otherwise, was not removed from the inquisitorial power of the court in a proper proceeding. The rights of an injured employee or his dependents are zealously safeguarded by the Workmen's Compensation Law and out of an abundance of precaution it provides that any adjustment following overpayments of compensation is subject to review by the court, if need be, to the end that injustice may not be practiced upon the unwary.
The two instances in said law wherein the court's prior approval is necessary to the validity of the action authorized therein are to be found in Sections 8 and 17, as amended by Act No. 242 of 1928, p. 357, and Act No. 96 of 1942. Section 8 lays down the procedure for lump sum settlements while other settlements between employee and employer are provided for in Section 17. In each section it is provided that for the validity of the agreement it shall be approved by the court. Subdivision six of Section 8 of the Act has no such mandatory language. The absence of such language is in itself significant.
Regardless of what construction is placed upon "subject to the approval of the court", discussed above, in a case presenting facts such as appear in the present one, discontinuance of payments for six weeks or more does not expose the employer or his insurer to the liability of having the balance due on compensation account declared exigible. It is only in those cases where the compensation payments have been fixed by a judgment of court that failure to make six or more of them consecutively incurs liability of having to pay the balance in lump sum. Section 33 of the Workmen's Compensation Law, as amended by Act No. 38 of 1918, clearly so provides. See Jackson v. Young et al., 6 La.App. 854.
The judgment appealed from is correct, and it is hereby affirmed, with costs. *Page 223