SAMUEL, Judge.
On May 1, 1973, plaintiff, a professional football player, filed this suit against his employer, The New Orleans Saints Football Club, and its compensation insurer, United States Fidelity & Guaranty Company, for total and permanent disability benefits under the Workmen’s Compensation law (R.S. 23:1021 et seq.) at the statutory rate of $49 per week for 500 weeks. He alleges his disability was caused by a herniated disc sustained in a Saints practice session.
Based on the fact that plaintiff had been paid the sum of $14,000, the full amount to which he was entitled for the full season under his National Football League standard player contract with the Saints, defendants filed an exception of prematurity to the petition. They point out that the $14,000 paid to plaintiff (even though he had not played at all during the football season covered by the contract) far exceeds any amount of compensation which could be due him to date or which could become due in the next several years.
After trial of the exception there was judgment in favor of defendants, dismissing the suit as premature. Plaintiff has appealed.
The petition alleges: Plaintiff was employed by the Saints as a professional football player on June 27, 1972 under a written contract expiring April 30, 1973; he was injured in the course and scope of his employment on July 15, 1972, as a result of which he underwent surgery for a herniated disc; and his contract was terminated by written notice from the employer on February 27, 1973, as of which date he was totally and permanently disabled.
Plaintiff does not dispute the fact that the Saints paid him $14,000 under the terms of the contract. Instead, he relies on R.S. 23 :1206 which provides :
“Any voluntary payments made by the employer or his insurer either in money or otherwise, to the injured employee or *557 his dependents, and accepted by the employee, which, by the terms of this act, were not due and payable when made, may, subject to the approval of the court, be deducted from the payments to be made as compensation; provided, that in case of disability, such deduction shall be made by shortening the period during which compensation shall be paid, and not by reducing the amount of the periodical payments.” LSA-R.S. 23:1206.
Plaintiff contends this section of the compensation statute has the effect of causing the payments made to be deducted from the last weekly compensation payments which will be due and not from the first weekly payments due, as argued by the defendants to show the prematurity of plaintiff’s suit.[1]
Defendants base their prematurity argument on Paragraph 12 of the plaintiff’s contract, which provides:
“12. Any payments made hereunder to the Player, for a period during which he is entitled to workmen’s compensation benefits by reason of temporary total, permanent total, temporary partial or permanent partial disability shall be deemed an advance payment of workmen’s compensation benefits due the Player, and the Club shall be entitled to be - reimbursed the amounts thereof out of any award of compensation.”
They contend the validity of a contract modifying R.S. 23:1206 has been judicially recognized in Louisiana,[2] and that Paragraph 12 of the contract in suit entitled defendants to credit voluntary excess payments against the initial payments due under the compensation statute.
A fair reading of Paragraph 12 of the contract satisfies us that plaintiff’s suit was not prematurely filed. The substance of the provision is that any payments made under the contract during a period of disability shall be deemed an advance payment of benefits due the player under the workmen’s compensation statute, reserving to the club the right to be reimbursed the amounts of said payments from any award of compensation to the player. The phrase “ . . . and the Club shall be entitled to be reimbursed the amounts thereof out of any award of compensation” is determinative of the issue now before us. The paragraph itself provides the club will only be reimbursed out of an award of compensation. Thus, there can be no reimbursement before an award is made, and obviously there can be no award until the suit is filed and the amount of compensation benefits,. if any, due to the player judicially determined. While the contract states payments made thereunder during the period of disability shall be deemed advance payment of compensation benefits, reimbursement is limited to amounts due as a result of a compensation award. Since no award can be had without judicial proceedings, the suit is not premature. We note that whether the excess payments are to be reimbursed out of the first or last weekly compensation payments which may be awarded is immaterial insofar as the question of prematurity is concerned.
For the reasons assigned, the judgment appealed from is reversed, the exception of prematurity is overruled, and this matter is remanded to the trial court for further proceedings in accordance with law. Costs of this appeal are to be paid by the defendants-appellees.
Reversed and remanded.

. In support of the contention, plaintiff cites Futrell v. Hartford Accident & Indemnity Company, La., 276 So.2d 271; Pope v. Coney, La.App., 119 So.2d 136; Myers v. Jahncke Service, La.App., 76 So.2d 436; Cranmer v. Fidelity & Casualty Co. of New York, La.App., 18 So.2d 220; and Hammons v. Mississippi Cottonseed Products Co., La.App., 160 So. 140.

. Defendants cite Dixon v. P. P. G. Industries, Inc., La.App., 253 So.2d 607; Cain v. St. Paul Fire & Marine Insurance Co., La.App., 201 So.2d 286; Walters v. General Accident & Fire Assur. Corp., Ltd., La.App., 119 So.2d 550; and Pope v. Coney, supra, footnote 1.