534 So.2d 48 (1988)
Mark BREAUX, Plaintiff-Appellant,
v.
PETRO DRIVE, INC. and Fidelity & Casualty Company of New York, Defendants-Appellees.
No. 87-909.
Court of Appeal of Louisiana, Third Circuit.
November 9, 1988.
Edward J. Milligan, Jr., Lafayette, for plaintiff-appellant.
Ronald F. Defrances, Baton Rouge, for defendants-appellees.
Before GUIDRY, STOKER and KING, JJ.
STOKER, Judge.
This is an action for worker's compensation benefits filed by the plaintiff, Mark Breaux. Mr. Breaux was injured on November 18, 1984 while in the course and scope of his employment with the defendant, Petro-Drive, Inc. (Petro). Petro's compensation insurer determined plaintiff to be temporarily totally disabled and began paying weekly worker's compensation benefits in the amount of $248 per week. On or about January 10, 1986 plaintiff's weekly benefits were suspended due to an overpayment. Petro's worker's compensation insurer, Fidelity & Casualty Company of New York (Fidelity), discovered that it had calculated an incorrect average weekly wage in computing plaintiff's benefits. There is no dispute on this point, and when the matter ultimately came to trial the parties stipulated that plaintiff was entitled to receive $96.78 per week, rather than $248 per week which plaintiff had been paid. As a result, Petro and Fidelity suspended payment of benefits until such time as the overpayment had been recouped.
Plaintiff filed a claim with the Office of Worker's Compensation Administration on May 13, 1986. Petro and Fidelity rejected the Office's recommendation and this suit was filed. The issue before the commissioner [1] and before this court on review is whether LSA-R.S. 23:1206 entitles the defendants to suspend benefits due to the earlier overpayment of benefits which was occasioned through no fault of the plaintiff. The commissioner found that the defendants were entitled to suspend benefits and further that they did not act arbitrarily, capriciously and without probable cause. Plaintiff's suit was accordingly dismissed. Plaintiff has appealed the judgment of the commissioner of the trial court. We affirm.

ISSUES FOR REVIEW
The issues presented by the plaintiff for review are whether defendants were entitled to suspend benefits and whether defendants acted arbitrarily, capriciously and without probable cause in suspending benefits.
LSA-R.S. 23:1206 provides, as follows, that:
"Any voluntary payment or unearned wages paid by the employer or insurer either in money or otherwise, to the employee *49 or dependent, and accepted by the employee, which were not due and payable when made, may be deducted from the payments to be made as compensation."
Plaintiff argues that defendants should not be allowed to completely suspend and withhold payment of benefits because of their error in calculating benefits. Plaintiff submits that the result is inequitable and creates an undue hardship for him. Plaintiff does not argue that LSA-R.S. 23:1206 does not provide authority for suspending benefits to recoup an overpayment, he simply argues that total suspension is unjust. Defendants admit that the error in calculation was their fault, but argue that LSA-R.S. 23:1206 allows them to recoup the overpayment made to plaintiff.
The commissioner, in his written reasons for ruling, found that defendants made voluntary payments which were accepted by plaintiff and which were not due and payable when made. Plaintiff received in excess of twice the amount which he was due for a period of approximately 13 months. The commissioner concluded that because the period of plaintiff's disability was indeterminate, defendants were entitled to reduce or suspend payments rather than making the deduction by shortening the period during which benefits would be due.
We find that the commissioner was correct in determining that under LSA-R.S. 23:1206 this overpayment created a right to a credit in favor of defendants. The amounts paid were clearly overpayments of compensation benefits and not any other type of benefit to which plaintiff was entitled on the basis of having been previously earned. Naquin v. Texaco, Inc., 423 So.2d 31 (La.App. 1st Cir. 1982). Discontinuation of benefits until the overpayment was recouped is permissible and proper under LSA-R.S. 23:1206. See Cranmer v. Fidelity & Casualty Co. of New York, 18 So.2d 220 (La.App. 2d Cir. 1944).
We find no error on the part of the commissioner in dismissing plaintiff's suit. The judgment appealed from is affirmed.
Costs of this appeal are assessed to the plaintiff-appellant.
AFFIRMED.
NOTES
[1] The commissioner referred to in this opinion is the commissioner of the Fifteenth Judicial District Court of the State of Louisiana. The case was tried before the commissioner rather than one of the district judges of that court. See LSA-R.S. 13:714, 715 and 716.