698 So.2d 446 (1997)
Sonyia McKARRY
v.
SHONEY'S.
No. 97-CA-144.
Court of Appeal of Louisiana, Fifth Circuit.
July 29, 1997.
*447 David P. Sirera, Porteous, Hainkel, Johnson & Sarpy, Covington, for Defendants/Appellants.
Leslie M. Salamone, Laplace, for Plaintiff/Appellee.
Before BOWES, DUFRESNE and GOTHARD, JJ.
GOTHARD, Judge.
Defendant, Shoney's, appeals the trial court judgment declaring that plaintiff, Sonyia McKarry, is not disqualified from receiving worker's compensation benefits under LSA-R.S. 23:1208. We affirm.
On November 18, 1995, her first day at Shoney's restaurant, the plaintiff fell down while working. The following two days Ms. McKarry worked without complaint, until the end of her shift on November 20, when she told the manager she was feeling pain in her shoulder. Ms. McKarry returned to work on November 24 and 25. On November 27, 1995 Ms. McKarry kept an appointment, which Shoney's had made for her, with Dr. E. Gene Burns, M.D. Dr. Burns diagnosed a left shoulder contusion, biceps tendinitis, and mild upper back sprain. He advised her to come back and see him and that she could return to work for her next shift, five days hence.
On November 30, displeased with Dr. Burns' treatment, Ms. McKarry sought the services of a chiropractor, Robert R. Dale. At this point plaintiff's claim, which was previously medical only, was transferred to a claim for worker's compensation benefits. Dr. Dale diagnosed Ms. McKarry with cervical and left shoulder sprain/strain injuries. He requested approval to treat Ms. McKarry on a three times per week basis, and on December 20 determined that she would be unable to work for at least two weeks.
*448 On December 12, 1995 Karen Junot of Riscorp Self Insurers Bureau, took a recorded statement from Ms. McKarry in investigation of her worker's compensation claim. In this statement the plaintiff said that her only job in the previous ten years had been a two week temporary assignment at One Price Seven, she denied having any past back injuries, and she denied having made any past worker's compensation claims. At this same time Ms. Junot requested a records check on Ms. McKarry through an investigative service. The investigator revealed that Ms. McKarry had held twelve jobs in the prior ten years, rather than only the one she revealed to Ms. Junot. Additionally it revealed that Ms. McKarry had a prior worker's compensation claim in 1988 while working at Danny & Clyde's, one which she did not reveal in her conversation with Ms. Junot.
Based upon this information, and other suspicions to which Ms. Junot testified to at trial, Ms. McKarry's benefits were terminated on January 3, 1996.
Trial on the matter was held on August 28, 1996. As stipulated, the only issue in dispute was whether the defendants properly terminated Ms. McKarry's benefits. At trial Ms. Junot testified regarding her suspicions of Ms. McKarry's veracity. Ms. McKarry testified that she truthfully answered all questions put to her by Ms. Junot to the best of her ability in relation to only that injury. The hearing officer, after hearing evidence on both sides, rendered judgment in favor of the plaintiff, ruling that Ms. McKarry was not disqualified from receiving worker's compensation benefits, and that the defendant was arbitrary and capricious in terminating those benefits. The judgment also entitled plaintiff to maximum penalties as allowed under the Worker's Compensation Act and attorney's fees of $3,500. It is this judgment which defendant appeals.
Appellants argue, in their first assignment of error, that the hearing officer was clearly wrong in her finding that defendants were not justified in terminating Ms. McKarry's worker's compensation benefits under LSA-R.S. 23:1208. The appropriate standard for appellate review is the "manifest errorclearly wrong" standard, which precludes the setting aside of a trial court or jury's findings of fact unless those findings are clearly wrong in light of the record reviewed in its entirety. Rosell v. ESCO, 549 So.2d 840 (La.1989). The same standard of appellate review applicable to factual findings of district courts is also applicable to the factual findings of an administrative body or hearing officer. Walters v. Department of Police, 454 So.2d 106 (La.1984). Jurisprudence clearly establishes that in worker's compensation cases, the appropriate standard of review to be applied by appellate courts is the "manifest errorclearly wrong" standard. Bruno v. Harbert International, Inc., 593 So.2d 357 (La.1992).
In order to determine whether there was manifest error, the record must be reviewed in its entirety. If an appellate court finds manifest error, it is required to determine the facts de novo from the entire record. Rosell v. ESCO, 549 So.2d 840, 845 (La.1989).
LSA-R.S. 23:1208 provides in pertinent part that:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation
E. Any employee violating this Section shall, upon determination by hearing officer, forfeit any right to compensation benefits under this chapter.
Therefore, under LSA-R.S. 23:1208 the requirements for forfeiture of benefits are that: 1) there is a false statement or representation, 2) it is willfully made, and 3) it is made for the purpose of obtaining or defeating any benefit or payment. Resweber v. Haroil Const. Co., 94-2708 (La.9/5/95) 660 So.2d 7. Clearly in this case Ms. McKarry's statements regarding her prior employment and lack of a prior worker's compensation claim amount to false statements. However, under Resweber it must be found that those statements were willfully made for the purpose of obtaining benefits. The hearing officer, upon hearing testimony, apparently found testimony regarding the legitimacy of *449 Ms. McKarry's injury and her intent behind the statements made to Ms. Junot to be credible. Such a finding of fact will not be overturned upon review unless it is clearly wrong in light of the record reviewed in its entirety. Rosell v. ESCO, 549 So.2d 840 (La.1989). As there is evidence in the record to support the legitimacy of Ms. McKarry's injury, and Ms McKarry offered, in testimony, a reasonable explanation of her intent behind her statements to Ms. Junot, we do not find manifest error, and we affirm the trial court's judgment.
Appellant asserts, in assignment of error number two, that the hearing officer was wrong in awarding penalties and attorney's fees to the claimant. LSA-R.S. 23:1201.2 provides in pertinent part that:
Any employer or insurer who at any time discontinues payment of claims due and arising under this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of all reasonable attorney fees for the prosection and collection of such claims.
Additionally, LSA-R.S. 23:1201(F) provides that:
Failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, whichever is greater, for each day in which any and all compensation or medical benefits remain unpaid, together with reasonable attorney fees for each disputed claim; however the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim.
Whether a termination of benefits is arbitrary and capricious, thus warranting imposition of penalties and attorney's fees, is a factual question whose determination will not be disturbed absent manifest error. Garvin v. Perret 95-217 (La.App. 5 Cir. 2/14/96) 670 So.2d 1250. A review of the record in this case finds that the defendant had more than adequate information upon which to base their termination decision. In light of the facts, we find the trial court's decision awarding attorneys fees and penalties to be manifestly erroneous. We therefore reverse that part of the judgment. For the foregoing reasons, we affirm in part and reverse in part the judgment of the trial court.
AFFIRMED IN PART, REVERSED IN PART.