REDWARDS, Judge.
Defendants/Appellants Alexas Corporation d/b/a Louisburg Apartments and Louisiana Workers’ Compensation Corporation (hereinafter “LWCC”) appeal the judgment from the Office of Workers’ Compensation which authorizes a weekly reduction in plaintiffs benefits rather than a com- *339 píete suspension of benefits. For the following reasons we affirm.
Plaintiff/Appellant Jerry L. Crews suffered injuries as the result of an accident which occurred on February 26, 1994 during the course and scope of his employment at the Louisburg Apartments. LWCC paid weekly temporary total disability benefits in the amount of $319.00 from July 7, 1994 through June 17, 1998. Prior to trial on this matter, LWCC discovered that it had made an error in its calculations. Weekly compensation to the plaintiff over the approximate four (4) year time span should have been at a rate of $233.07 rather than the $319.00 per week which he had been receiving. This is a difference of $85.93 |sper week over the 205 week span of payments. The total overpayment amounted to $17,615.65. The error in calculation was completely the fault of the defendants.
Pursuant to LSA-R.S. 23:1206, defendant LWCC sought to recoup the overpayment made to the plaintiff and filed a reconventional demand for such on April 24, 1998. On June 17, 1998, this matter was heard before Judge Sylvia T. Steib of the Office of Workers’ Compensation. The trial judge ruled that defendant LWCC was entitled to reimbursement for the overpayment made to the plaintiff in the amount of $17,615.65. The defendants were authorized to deduct $33.07 in weekly installments from the plaintiffs weekly workers’ compensation benefits to repay the overpayment. Defendants appeal from this judgment based on the theory that they are entitled to suspend the payment of any further benefits until the overpayment is repaid rather than reduce the weekly benefits that the plaintiff receives.
Defendants allege that the trial judge committed manifest error in holding that the rate of recoupment for overpayment of benefits would be $33.07 per week and not a suspension of benefits until overpayment has been absorbed. The theory of recoupment is based on LSA-R.S. 23:1206 which states:
Any voluntary payment or unearned wages paid by the employer or insurer either in money or otherwise, to the employee or dependant, and accepted by the employee, which were not due and payable when made, may be deducted from the payments to be made as compensation.
The Court notes that the language of the statute is such that it reads “may be deducted” rather than “shall be deducted.” Furthermore, the statute does not refer to a suspension of benefits, but rather a deduction of payments to be made as compensation.
| Jurisprudence clearly establishes that in workers’ compensation cases, the appropriate standard of review to be applied by appellate courts is the “manifest error-clearly wrong” standard. Bruno v. Harbert International, Inc., 593 So.2d 357 (La.1992); J.E. Merit Constructors, Inc. v. Butler, 97-361 (La.App. 5th Cir. 9/30/97), 700 So.2d 1111; McKarry v. Skoney’s, 97-144 (La.App. 5th Cir. 7/29/97), 698 So.2d 446. The appellate court must determine not whether the trier of fact was right or wrong, but whether the fact finder’s conclusion was a reasonable one, after reviewing the record in its entirety. Kirn v. East Jefferson Hosp., 96-0838 (La.App. 1st Cir. 2/14/97), 691 So.2d 127.
LSA-R.S. 23:1206 contemplates overpayment of compensation benefits. Ferrand v. D.H.L. Co., 614 So.2d 350 (La.App. 4th Cir.1993). It applies even if the overpayment is due to the employer’s error in calculating benefits. Id. at 354; Breaux v. Petro Drive, Inc., 534 So.2d 48 (La.App. 3rd Cir.1988).
In Ferrand, supra, the Fourth Circuit held that the defendants were entitled to suspend future benefit payments until the overpaid compensation had been recouped. Ferrand v. D.H.L. Co., 614 So.2d at 354. Likewise, the Third Circuit held in Breaux, supra that a discontinuation of *340 benefits until the overpayment was recouped was permissible and proper under LSA-R.S. 23:1206. Breaux v. Petro Drive, Inc., 534 So.2d at 49. However, we do not agree with the remedy provided for by these circuits. It is the opinion of this Court that a suspension of benefits until the overpayment is repaid would be inequitable and against public policy under the facts of this case.
In the present case, the plaintiff would be severely impoverished if required to repay the overpayment before his benefits would continue. The error in calculation was the fault of the defendants and was not discovered for almost [«¡four (4) years. Furthermore, the statute in question does not specify a suspension of benefits as the only remedy to rectify the overpayment. In the case of Jackson v. Creger Automotive Co., Inc., 29-249 (La.App. 2nd Cir. 4/2/97), 691 So.2d 824; writ denied, 97-1436 (La.9/26/97), 701 So.2d 984, the court held that the hearing officer can determine the amount of overpayment, if any, and give credit accordingly against all payments due as compensation. There was no specification as to the method of repayment.
It was the conclusion of the trial court that a deduction of $33.07 per week is an adequate sum to foster repayment of the debt. Absent manifest error, we affirm this calculation made by the trier of fact.
In summary, it is the opinion of this Court that the trial judge was correct in her choice of repayment plans. The overpayment was due to the fault of the defendants and the only equitable solution is to allow the plaintiff to repay the debt in manageable installments. The plaintiff should not be impoverished to correct the defendants’ mistake. Therefore, we hereby affirm the decision of the trial court.
AFFIRMED.