# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 09-818

ELLIS HARGRAVE

VERSUS

STATE OF LOUISIANA,
THROUGH DEPARTMENT OF
TRANSPORTATION AND DEVELOPMENT

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF LAFAYETTE, NO. 06-04633
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

### OSWALD A. DECUIR
### JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Oswald A. Decuir, Jimmie C. Peters, Marc T. Amy, and David E. Chatelain,[*] Judges

**Chatelain, J., dissents in part and assigns written reasons.**

**Saunders, J., dissents to the extent and for the reasons assigned by Judge Chatelain.**

### AFFIRMED IN PART, AFFIRMED AS AMENDED IN PART, REVERSED AND RENDERED IN PART.

**Michael B. Miller**
**Attorney at Law**
**P. O. Drawer 1630**
**Crowley, LA 70527-1630**
**(337) 785-9500**
**Counsel for Plaintiff/Appellant:**
    **Ellis Hargrave**

---

[*] Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Sylvia M. Fordice**
**Assistant Attorney General**
**Louisiana Department of Justice**
**556 Jefferson Street, 4th Floor**
**Lafayette, LA 70501**
**(337) 262-1700**
**Counsel for Defendant/Appellant:**
    **State of Louisiana,**
    **through the Department of**
    **Transportation and Development**

**DECUIR, Judge.**

In this workers' compensation dispute, the claimant's employer appeals the workers' compensation judge's calculation of the weekly compensation rate and failure to award a credit for overpayment of temporary total disability (TTD) benefits. The employer also questions the amount of attorney fees awarded. The claimant answered and assigned as error the workers' compensation judge's failure to award legal interest.

## FACTS

The record indicates that the claimant, Ellis Hargrave (Hargrave), was employed by the State of Louisiana, Department of Transportation and Development (DOTD), as a mobile equipment operator. On June 29, 2005, Hargrave was injured while in the course and scope of his employment. On July 18, 2006, Hargrave filed a disputed claim for compensation in which he claimed that his weekly workers' compensation benefits did not commence in a timely fashion. DOTD reconvened seeking a credit for overpayment of benefits.

Following a trial on the merits, the workers' compensation judge found:

a. The weekly compensation rate is $424.28;

b. A demand for mileage was underpaid by $196.72;

c. Indemnity benefits started untimely;

d. The waiting week check was untimely;

e. Unspecified bills to Dr. Gillespie were not paid;

f. Unspecified bills for UMC were not paid;

g. The claimant is due penalties of $8,000.00;

h. The claimant is due attorney fees of $18,900.00; and

i. The claimant is due expenses of $641.31.

The workers' compensation judge made no oral finding regarding DOTD's credit for overpayment.

Written judgment was subsequently entered decreeing that Hargrave was entitled to $424.28 in weekly benefits, $196.72 for underpayment of mileage, penalties of $8,000.00, attorney fees of $18,900.00, and expenses of $641.31. DOTD now appeals, asserting the following assignments of error:

1. The workers' compensation court committed manifest error in finding the claimant's weekly compensation rate is $424.28, as the evidence does not support such a finding.

2. The workers' compensation court committed manifest error in failing to find that DOTD was due a credit for overpayment of TTD benefits.

3. The workers' compensation court committed manifest error in awarding the claimant $18,900.00 in attorney fees.

Hargrave answered the appeal, alleging the workers' compensation judge erred in failing to award legal interest and seeking additional attorney fees for work performed on appeal.

## CALCULATION OF TTD DISABILITY RATE

DOTD argues that the workers' compensation judge erroneously considered 196.5 hours in fringe benefits to determine the claimant's weekly compensation rate. Specifically, DOTD contends that the workers' compensation judge erroneously applied La.R.S. 23:1021(12)(d), which provides for a twenty-six week average weekly wage calculation period for employees not paid hourly, monthly or annually. In addition, DOTD contends that the workers' compensation judge misapplied La.R.S.

2

23:1021(f) to add 32 hours of sick leave and 164.5 hours of annual leave taken during that period to the average weekly wage calculation as fringe benefits. We agree.

On June 29, 2005, the date of the accident, Hargrave was a civil service employee of DOTD, earning a bi-weekly wage of $1,095.76 for eighty hours of work, or $547.88 for forty hours per week. At the time the claimant's disability commenced on January 31, 2006, the claimant had experienced a pay increase and was earning $569.80 weekly, or the bi-weekly rate of $1,139.60 divided by 2. The claimant's normal work schedule was Monday through Friday for a forty-hour week.

An hourly employee's average weekly wage is calculated for compensation purposes by multiplying his hourly pay rate by the greater of forty hours or the average actual hours worked in the four full weeks preceding the accident. La.R.S. 23:1021(12)(a)(i). In this particular case, there were no specific findings regarding the actual hours worked by claimant or his hourly wage rate. By deduction, however, the claimant's hourly rate on the date of the accident was $13.697, or $1,095.76 divided by eighty hours. It is clear from the evidence that during the four full weeks preceding the date of the accident, the claimant took eight hours of sick leave and may have taken some annual leave. Kay McRae, Human Resources Manager for DOTD, testified that for the four full weeks preceding the date of the accident, which comprised the time period of May 30, 2005 to June 26, 2005, the claimant was paid for forty hours per week. Ms. McRae also testified that for this claimant, paid sick leave and paid annual leave for hours not worked during the four weeks are included in the eighty hours of bi-weekly pay, if the claimant had adequate accumulated leave balances. Although there was no evidence of any holiday pay during the four full weeks prior to the date of the accident, Ms. McRae also indicated that holiday pay

3

would be included in the bi-weekly eighty hours.  The claimant would be paid for the holiday, whether he worked or not.  If the claimant worked on the holiday, however, he would be paid overtime hours.  Thus, the only way an employee would be paid more than forty hours per week for the fifty-two weeks in the year would be if the employee were paid overtime.  The claimant did not work any overtime hours during the four full weeks preceding the date of the accident.

The pay structure employed by DOTD is similar to that of the claimant in *Ivory v. Southwest Developmental Center*, 07-1201 (La.App. 3 Cir. 3/5/08), 980 So.2d 108. In each case, the claimant was an hourly employee with a basic bi-weekly pay period of eighty hours.  In each case, the department employee testifying regarding the composition of the eighty-hour pay period stated that the eighty hours would include all paid leave and holidays.  With the exception of overtime hours worked, an employee could not be paid more than forty hours a week for fifty-two weeks during the year.  In *Ivory*, the claimant earned compensatory hours for working on most holidays, while Hargrave would actually be paid overtime for working on a holiday.

Here, as in *Ivory*, we have determined that the claimant is paid on an hourly basis, and his average weekly wage is calculated using La.R.S. 23:1021(12)(a)(i) and that fringe benefits in the form of annual and sick leave are already included in that calculation.  Accordingly, for the reasons assigned in *Ivory,* we find the workers' compensation judge erred in adding fringe benefits to the average weekly wage calculation and, consequently, in determining the compensation rate of $424.28.  The correct average weekly wage is $547.88, which when multiplied by the TTD rate of sixty-six and two-thirds percent gives a compensation rate of $365.25.

4

## OVERPAYMENT

DOTD contends that because the workers' compensation judge miscalculated Hargrave's indemnity rate, it appeared that DOTD's voluntary overpayment was offset by its underpayment of TTD and, therefore, the judgment was silent as to this issue. We agree.

Louisiana Revised Statutes 23:1206 provides as follows:

> Any voluntary payment or unearned wages paid by the employer or insurer either in money or otherwise, to the employee or dependent, and accepted by the employee, which were not due and payable when made, may be deducted from the payments to be made as compensation.

This statute entitles an employer to a credit for previous overpayments from future compensation which may be due. *Breaux v. Petro Drive, Inc.*, 534 So.2d 48 (La.App. 3 Cir. 1988). Further, this statute applies even if the overpayment is due to the employer's error in calculating benefits. *Id.*

In the instant case, DOTD voluntarily made compensation payments to Hargrave. However, due to a miscalculation by DOTD, Hargrave was overpaid and this overpayment was exacerbated by the workers' compensation judge's miscalculation of the indemnity rate. As such, our review of the record reveals that Hargrave was overpaid $1,927.17 as a result of DOTD's error and an additional $29.24 bi-weekly as a result of the workers' compensation judge's error. Thus, as of August 3, 2009, Hargrave was paid compensation in the amount of $2,703.07, which was not due and payable when made. In accordance with La.R.S. 23:1206, DOTD is entitled to a credit for its overpayment of benefits. Additionally, it has been held that discontinuation of benefits until the overpayment is recouped is permissible and proper under La.R.S. 23:1206. *Id.* Accordingly, DOTD is entitled to suspend

5

payment of benefits until such time as its past payments and any additional overpayments accruing in the interim are recovered.

## ATTORNEY FEES

DOTD contends the workers' compensation judge abused its discretion in awarding $18,900.00 in attorney fees. We disagree.

"'A WCJ has great discretion in the award of attorney fees and penalties, and a decision concerning the award of attorney fees will not be disturbed absent an abuse of discretion.'" *Metoyer v. Roy O. Martin, Inc.*, 03-1540, p. 5 (La.App. 3 Cir. 12/1/04), 895 So.2d 552, 556 (*on rehearing*), *writ denied*, 05-1027 (La. 6/3/05), 903 So.2d 467, *quoting Harvey v. B E & K Const.*, 33,475, p. 3 (La.App. 2 Cir. 8/23/00), 770 So.2d 819, 822. Counsel for Hargrave submitted records to the workers' compensation judge documenting the work performed. We find no abuse of discretion in the award of attorney fees.

## LEGAL INTEREST

Hargrave argues that the workers' compensation judge erred in failing to award legal interest on all amounts due. Louisiana Revised Statutes 23:1201.3(A) provides that "[a]ny compensation awarded . . . shall bear judicial interest from the date compensation was due;" therefore, imposition of interest is required on compensation. *See Cormier v. La. Sw. Scrap & Salvage*, 04-321 (La.App. 3 Cir. 12/1/04), 888 So.2d 1117. Accordingly, we amend the judgment to include legal interest beginning on the date compensation was due.

Hargrave also requests legal interest be included on the award of penalties and attorney fees. The Louisiana Supreme Court, in *Smith v. Quarles Drilling Co.*, 04-179 (La.10/29/04), 885 So.2d 562, held that La.R.S. 23:1201.3 does not apply to penalties

6

and attorney fees, only to benefits.  However, the court in *Quarles* noted that a party is entitled to legal interest on an award of penalties and attorney fees if the party prayed for interest in his pleadings.  Hargrave prayed for interest in the court below and before this court.  Therefore, we award him interest on the awards of penalties and attorney fees.

Lastly, Hargrave seeks an award of additional attorney fees for work performed on appeal.  Accordingly, we award an additional $1,500.00 in attorney fees.

### DECREE

For the foregoing reasons, the judgment of the Office of Workers' Compensation awarding weekly indemnity benefits to Hargrave in the amount of $424.28 is reversed.  Judgment is rendered to award Hargrave $365.25 per week in indemnity benefits, to grant an offset to DOTD for overpayment of benefits as described herein, to include legal interest beginning on the date compensation was due, including legal interest on the awards of penalties and attorney fees beginning on the date of judgment, and to award Hargrave an additional $1,500.00 in attorney fees for the work necessitated by the present appeal.  In all other respects, the judgment of the Office of Workers' Compensation is affirmed.

**AFFIRMED IN PART, AFFIRMED AS AMENDED IN PART, REVERSED AND RENDERED IN PART.**

7

ELLIS HARGRAVE

VERSUS

STATE OF LOUISIANA, THROUGH THE
DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT

**CHATELAIN, Judge Pro Tempore, dissents in part.**

I agree with the majority opinion except for its reversal of the inclusion of fringe benefits by the workers' compensation judge (WCJ) in its average weekly wage (AWW) calculation and its determination that DOTD overpaid the claimant. For the following reasons, I respectfully dissent from these discrete aspects of the majority opinion.

In finding the WCJ improperly included fringe benefits in its determination of the claimant's weekly compensation rate, the majority relies on *Ivory v. Southwest Developmental Center*, 07-1201 (La.App. 3 Cir. 3/5/08), 980 So.2d 108. Even though *Ivory* reached that conclusion, I find it and the present case are at odds with other appellate opinions of this court. *See, e.g., Burns v. St. Frances Cabrini Hosp.*, 02-518, p. 2 (La.App. 3 Cir. 10/30/02), 830 So.2d 572, 575 (holding that even though vacation time, holiday time, sick leave, and sick pay are already included in the hourly wage, these "fringe benefits . . . have been held to be included in the AWW calculations"); *accord Trahan v. City of Crowley*, 07-266 (La.App. 3 Cir. 10/3/07), 967 So.2d 557, 561, *writs denied*, 07-2462, 07-2471 (La. 2/15/08), 976 So.2d 185, 187 (holding that fringe benefits are to be included in the calculation of AWW);

1

*Sterling v. Asplundh Tree Expert Co.*, 03-266, p. 9 (La.App. 3 Cir. 10/1/03), 856 So.2d 125, 130 (holding that "paid vacation[s] . . . are fringe benefits[;] [a]ny fringe benefit that an employer provides is taxable and must be included in the recipient's pay").

I also find that *Ivory*, 980 So.2d 108, and the present case conflict with the opinions of other circuit courts of appeal on this issue. *See, e.g., Moses v. Grambling State Univ.*, 33-185 (La.App. 2 Cir. 5/15/00), 762 So.2d 191*, writ denied,* 00-1769 (La. 9/22/00), 768 So.2d 1285 (holding that because annual and sick leave is earned in addition to the worker's salary, the value of the annual and sick leave should have been included in the determination of the AWW); *Transp. Ins. Co. v. Pool*, 30,250 (La.App. 2 Cir. 5/13/98), 714 So.2d 153, *writ denied*, 98-1566, 98-1616 (La. 9/25/98), 725 So.2d 486, 488 (holding that the value of fringe benefits should be included in the calculation of AWW); *Leson Chevrolet, Inc. v. Tricke*, 98-1328 (La.App. 5 Cir. 9/28/99), 742 So.2d 1047.

In my view, when the claimant's use of sick leave and leave during the four weeks prior to his injury is considered part of his salary and not in addition to that salary, it effectively denies him those fringe benefits. Thus, I would affirm the WCJ's inclusion of these fringe benefits in the calculation of the claimant's AWW and deny the defendant's reconventional demand, seeking a credit for overpayment of TTD.