742 So.2d 1047 (1999)
LESON CHEVROLET, INC. & Louisiana Insurance Guaranty Association (LIGA)
v.
Earl P. TRICHE.
No. 98-CA-1328.
Court of Appeal of Louisiana, Fifth Circuit.
September 28, 1999.
Rehearing Denied November 8, 1999.
*1048 Henry G. Terhoeve, Guglielmo, Marks, Schutte, Terhoeve & Love, Baton Rouge, Louisiana, Counsel for plaintiff-appellant # 1.
Frederick P. Heisler, Heisler & Wysocki, New Orleans, Louisiana, Counsel for defendant-second appellant-appellee.
Court composed of Judges H. CHARLES GAUDIN, CHARLES GRISBAUM, Jr. and MARION F. EDWARDS.
GAUDIN, Judge.
This is a worker's compensation case wherein both parties have appealed parts of the judgment dated October 15, 1998. Earl Triche was injured on the job at his place of employment, Leson Chevrolet, in October of 1984. Since that time, he has been receiving temporary total benefits for an injury to his knee (LSA-R.S.23:1221(1)). The Louisiana Insurance Guaranty Association assumed coverage when the original insurer became insolvent. The instant appeal results from hearings held below when LIGA instituted proceedings to enforce the "Garrett offset" against Triche's payments. At the time of the hearings Garrett v. Seventh Ward Gen. Hospital, 660 So.2d 841 (La.1995) was the applicable law and it provided that an employer is entitled under La.Rev.Stat. 23:1225(C)(1)(c) to a reduction in its worker's compensation obligation when social security disability benefits are being received contemporaneously by a disabled employee. We note that Garrett has recently been overruled by the Louisiana Supreme Court in Al Johnson Construction Company v. Pitre, 98-2564 (La.5/18/99), 734 So.2d 623, which holds that an employer is not entitled to an offset for social security disability benefits under La.Rev.Stat. 23:1225 C(1)(c).
Triche responded to LIGA's Motion with a Reconventional Demand, alleging that LIGA was using an incorrect (short) figure for average weekly earnings and that it was refusing to cover some medical expenses related to the injury. He asked for fees and penalties.
For the following reasons, we affirm part of the judgment of the Office of Worker's Compensation, District No. 07, and we remand for further proceedings consistent with this opinion.
The matter was heard on August 5, 1998 and resulted in this judgment:
"IT IS HEREBY ORDERED, that the claimants, Leson Chevrolet and Louisiana Insurance Guaranty Association (LIGA) are entitled to a social security offset to be calculated by using a total family benefit of seven hundred nine dollars and eighty cents ($709.80), and an average weekly wage of three hundred eighty-four dollars and fifty cents ($384.50).
"IT IS FURTHER ORDERED, that the claimants Leson Chevrolet and Louisiana Insurance Guaranty Association are entitled to a fifty percent reduction of the employer's contribution; in the amount of three hundred fifty four dollars and ninety cents ($354.90)
"IT IS FURTHERED ORDERED, that defendant is entitled to the payment of temporary total disability benefits, to be calculated from an average weekly wage of three hundred eighty four dollars and fifty cents ($384.50)

*1049 "IT IS FURTHER ORDERED, that defendant is entitled to the payment of all outstanding medical bills and medical expenses arising from the accident of October 20, 1984; including the hypertension and cardiac treatment, and psychological.
"IT IS FURTHER ORDERED, that the claimants have not been arbitrary and capricious.
"IT IS FURTHER ORDERED that any medical bills that predated 1995 have prescribed.
"IT IS FURTHER ORDERED, that defendant has failed to present any evidence about transportation expenses.
"IT IS FURTHER ORDERED, that claimants shall be given credit for all workers' compensation benefits that have already been paid to defendant by them, according to law."
On appeal, LIGA alleges these trial court errors:
(1) the trial court erred in admitting into evidence testimony and exhibits without appropriate foundation, and
(2) the Workers Compensation judge was in error in awarding benefits for hypertension, cardiac treatment and psychological treatment supported only by evidence that was improperly admitted.
Triche assigned these errors:
(1) the trial judge committed manifest error in computing the offset by (a) using one-half of the initial total family benefit instead of the 76.3% of one half, which was the amount contributed by Leson, as stipulated; and (b) failing to include fringe benefits in the calculation of the average weekly wages, including vacation pay;
(2) the trial judge committed manifest error in concluding that her award of continuing medical benefits for hypertension, cardiac treatment and psychological treatment was subject to a prescription of three years; and
(3) the trial judge committed manifest error in failing to award penalties and attorney's fees for:
(a) the failure to promptly pay the portion of the benefits which LIGA and Leson had not been paying since 1984, which actions were arbitrary, capricious and without probable cause; and (b) the unilateral discontinuance of the payment of certain medical benefits when that discontinuance was arbitrary, capricious and without probable cause.

LIGA'S ASSIGNMENT OF ERROR
LIGA complains, initially, because the trial judge improperly admitted a number of uncertified exhibits which show that Triche's heart problems are related to his knee injury. Actually, the exhibits were admitted subject to LIGA's objection. Several times the trial judge allowed the documents in evidence subject to the objection, saying that she would give weight to the documents only if later found admissible and relevant. The trial judge did find the objected-to documents admissible and relevant.
A worker's compensation judge is not bound by technical rules of evidence, such as the hearsay rule. He or she has the discretion to admit evidence under a more relaxed standard that would otherwise be excluded under the Louisiana Code of Evidence. This was held in Chaisson v. Cajun Bag & Supply Co., 708 So.2d 375 (La.1998).
In Chaisson, the Supreme Court also stated that a hearing officer's judgments must be supported by competent evidence and that hearsay can be competent evidence if found reliable and trustworthy, the type that reasonable persons would depend on, such as correspondence, physicians' reports, etc.
LIGA's real objection, it appears, is to the conclusiveness of the documentary evidence. We note, however, that LIGA had considerable advance notice of the medical *1050 reports and it could have called the doctors who prepared them.
In her "Reasons for Judgment," the trial judge quoted at length from reports of Dr. R. Fridge Cameron Jr., an internist who treated Triche beginning in December, 1984. Dr. Cameron definitely relates Triche's coronary artery disease and hypertension to the accident of October 20, 1984.
We see no manifest error in LIGA's assignments of error. On appeal, judgments of worker's compensation courts are subject to the manifest error rule.

TRICHE ASSIGNMENT NO. 1
Here, Triche contends that the trial judge, in calculating the Garrett offset, should have diminished the offset by allowing Leson Chevrolet to use only a prorated portion of the social security disability benefit, that is, by allowing Leson only the contributions it made to Triche's eventual total benefit. Garrett, however, was specifically overruled by Al Johnson Construction Company v. Pitre, 98-2564 (La.5/18/99), 734 So.2d 623. Leson, apparently, cannot now deduct any offset.
Regarding fringe benefits, the record shows that the only fringe benefit he proved was his vacation of two weeks each year. Allowing this, and this allowance is well-settled in the jurisprudence, would require that Triche's average weekly wage be recalculated. We remand for this purpose.
Other alleged benefits, such as uniforms, education classes, health insurance, etc., were denied by the trial judge. Considering Triche's testimony on the uncertainty of the amounts and the lack of any kind of documentary proof, this was not manifest error.

TRICHE ASSIGNMENT NO. 2
The statute governing this assignment of error is LSA-R.S. 23:1209(C), which reads:
"All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits."
This section was added in 1985, after Triche's 1984 accident, but because statutes of limitation are remedial, they can be applied retroactively. See Phillip v. Home Ins. Co., 671 So.2d 943 (La.App. 5 Cir.1996), writs denied at 675 So.2d 1124 (La.1996), citing Lott v. Haley, 370 So.2d 521 (La.1979).
From the record, it appears the trial judge determined that sometime after LIGA assumed coverage, it was LIGA's evaluation, not the insurance adjuster's, to discontinue payments for cardiac and psychological reasons in 1993 or 1994. The trial date was August 5, 1998. Accordingly, there is no manifest error in the trial judge's ruling applying the statutory three-year prescriptive period.
Triche argues that because LIGA paid certain medical benefits, all past medical expenses should be allowed. The trial judge correctly rejected this contention.

TRICHE ASSIGNMENT NO. 3
Triche's argument that LIGA should be required to pay penalties and attorney fees runs afoul of Bowens v. General Motors Corp., 608 So.2d 999 (La.1992), which clearly states that LIGA, not being an "insurer" for purposes of applicable statutes imposing attorney fees and penalties, is not liable for such payments either as a covered claim or as a result of its own actions.

*1051 DECREE
We affirm all segments of the worker's compensation opinion brought to our attention by this appeal except for the part regarding the Garrett offset and the part establishing Triche's average weekly wage. We remand only for these recalculations.
AFFIRMED IN PART, SET ASIDE IN PART AND REMANDED ONLY FOR AVERAGE WEEKLY WAGE RECALCULATION.