CHATELAIN, Judge Pro Tempore,
dissents in part.
|,I agree with the majority opinion except for its reversal of the inclusion of fringe benefits by the workers’ compensation judge (WCJ) in its average weekly wage (AWW) calculation and its determination that DOTD overpaid the claimant. For the following reasons, I respectfully dissent from these discrete aspects of the majority opinion.
In finding the WCJ improperly included fringe benefits in its determination of the claimant’s weekly compensation rate, the majority relies on Ivory v. Southwest Developmental Center, 07-1201 (La.App. 3 Cir. 3/5/08), 980 So.2d 108. Even though Ivory reached that conclusion, I find it and the present case are at odds with other *443 appellate opinions of this court. See, e.g., Burns v. St. Frances Cabrini Hosp., 02-518, p. 2 (La.App. 8 Cir. 10/30/02), 830 So.2d 572, 575 (holding that even though vacation time, holiday time, sick leave, and sick pay are already included in the hourly wage, these “fringe benefits ... have been held to be included in the AWW calculations”); accord Trahan v. City of Crowley, 07-266 (La.App. 3 Cir. 10/3/07), 967 So.2d 557, 561, writs denied, 07-2462, 07-2471 (La.2/15/08), 976 So.2d 185, 187 (holding that fringe benefits are to be included in the calculation of AWW); Sterling v. Asplundh Tree Expert Co., 03-266, p. 9 (La.App. 3 Cir. 10/1/03), 856 So.2d 125, 130 (holding that “paid vacation[s] ... are fringe benefits[;] [a]ny fringe benefit that an employer provides is taxable and must be included in the recipient’s pay”).
I also find that Ivory, 980 So.2d 108, and the present case conflict with the opinions of other circuit courts of appeal on this issue. See, e.g., Moses v. Grambling State Univ., 33-185 (La.App. 2 Cir. 5/15/00), 762 So.2d 191, writ denied, 00-1769 (La.9/22/00), 768 So.2d 1285 (holding that because 'annual and sick leave is earned in addition to the worker’s salary, the value of the annual and sick leave should have been included in the determination of the AWW); Transp. Ins. Co. v. Pool, 30,250 (La.App. 2 Cir. 5/13/98), 714 So.2d 153, writ denied, 98-1566, 98-1616 (La.9/25/98), 725 So.2d 486, 488 (holding that the value of fringe benefits should be included in the calculation of AWW); Leson Chevrolet, Inc. v. Tricke, 98-1328 (La.App. 5 Cir. 9/28/99), 742 So.2d 1047.
In my view, when the claimant’s use of sick leave and leave during the four weeks prior to his injury is considered part of his salary and not in addition to that salary, it effectively denies him those fringe benefits. Thus, I would affirm the WCJ’s inclusion of these fringe benefits in the calculation of the claimant’s AWW and deny the defendant’s reconventional demand, seeking a credit for overpayment of TTD.