# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT
### 11-748


**BILLY CARRIER**

**VERSUS**

**CITY OF EUNICE**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF LAFAYETTE, NO. 08-05423
SAM L. LOWERY, WORKERS COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***

## ELIZABETH A. PICKETT
### JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Marc T. Amy, Elizabeth A. Pickett, and J. David Painter, Judges.


**AFFIRMED AS AMENDED.**


**John Fayne Wilkes, III**
**Borne & Wilkes, L.L.P.**
**P. O. Box 4305**
**Lafayette, LA 70502-4305**
**(337) 232-1604**
**COUNSEL FOR DEFENDANT-APPELLEE:**
**City of Eunice**

**Michael Benny Miller**
**Miller & Miller**
**P. O. Box 1630**
**Crowley, LA 70527-1630**
**(337) 785-9500**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
**Billy Carrier**

**PICKETT, Judge.**

The claimant-appellant, Billy Carrier, appeals the judgment of the workers' compensation judge (WCJ), arguing that the judgment contains certain omissions and that the award of attorney fees is abusively low. The employer, City of Eunice, has answered the appeal, arguing that the claimant's benefits should be changed from temporary total disability benefits (TTDs) to supplemental earnings benefits (SEBs), and that the attorney fees awarded are too high. The city also seeks damages for frivolous appeal.

## STATEMENT OF THE CASE

Carrier was injured while in the course and scope of his employment with the City of Eunice on February 20, 2006. While the City of Eunice initially paid benefits, several disputes arose beginning in 2008. These included the proper calculation of benefits, the City of Eunice's alleged failures to make certain payments or late payments, whether Carrier was actually injured on the job, and Carrier's cooperation with the vocational rehabilitation specialist.

The parties negotiated agreements on most of these matters before trial, including the fact that Carrier was in the course and scope of his employment when he was injured. The City of Eunice acknowledged paying $8,000.00 in penalties before trial. The issues presented for determination at the hearing on September 13, 2010, were: (1) calculation of average weekly wage benefit; (2) attorney fees due to Carrier; and (3) whether Carrier's benefits should be converted from TTD benefits to SEBs. The judgment in the case was delayed pending the supreme court's opinion in *Hargrave v. State of Louisiana through the Department of Transportation and Development*, 10-1044 (La.1/19/11), 54 So.3d 1102. The WCJ issued a judgment on

March 3, 2011, setting the average weekly wage, awarding $10,000.00 in attorney fees, and ordering a face-to-face meeting between Carrier and a vocational rehabilitation specialist. The WCJ found the issue of the conversion of benefits was premature, pending the results of the rehab consultation.

Both parties appeal the judgment of the WCJ.

## ASSIGNMENTS OF ERROR

Carrier asserts five assignments of error:

1. The workers' compensation judge failed to include in the judgment that Mr. Billy Carrier was injured in the course and scope of his employment with the City of Eunice on February 20, 2006.

2. The workers' compensation judge erred in failing to include in the judgment the $8,000.00 award for penalties, subject to a credit for the payment made by defendant of $8,000.00

3. The attorney fee awarded by the workers' compensation judge was unreasonably low.

4. The workers' compensation judge erred in not including legal interest on all amounts due in the judgment.

5. It was error for the workers' compensation judge to fail to award expenses in the judgment.

Answering the appeal, the City of Eunice asserts (1) that the WCJ erred in failing to convert Carrier's benefits from TTD benefits to SEB benefits; (2) that the attorney fees award was abusively high and that Carrier is not entitled to additional attorney fees for work done on appeal; and (3) Carrier's appeal is frivolous and the city is entitled to an award of attorney fees defending the appeal.

## DISCUSSION

Carrier's first two assignments of error have no merit. Before trial, the parties stipulated that Carrier was injured in the course and scope of his employment and that the City of Eunice had paid an $8,000.00 penalty to Carrier. The WCJ was not asked to decide these issues, so there was no reason for the judgment to include findings on either of the issues.

Carrier and the City of Eunice both argue that the WCJ abused his discretion in awarding attorney fees. The amount of attorney fees rests within the discretion of the WCJ, as long as it is supported by the record, and will not be disturbed on appeal absent an abuse of that discretion. *McCarroll v. Airport Shuttle, Inc.*, 00-1123 (La. 11/28/00), 773 So.2d 694. Factors considered in setting the attorney fee award include the skill and ability of the attorney, the amount of the claim, the amount recovered, and the time devoted by the attorney to the case. *Id.*

The only evidence in the record to support the attorney fee award in this case is an affidavit from Carrier's attorney indicating he worked 137 hours at a rate of $225.00 an hour. We find that the WCJ did not abuse his discretion by not awarding the full amount requested in the affidavit, as it is reasonable to find that there was work performed by Carrier's attorney that was not related to the disputed issues set for trial or for which penalties were paid by the City of Eunice. Carrier's third assignment of error and the City of Eunice's second assignment of error lack merit.

Next, Carrier seeks $781.70 for expenses. Like attorney fees, these amounts are reviewed by this court for abuse of discretion. We find no abuse of discretion in the omission of these amounts.

Finally, Carrier seeks interest on the amounts awarded in the judgment. Specifically, he seeks interest on the attorney fees award. Because Carrier sought attorney fees in his initial demand, he is entitled to legal interest from the date of the judgment. *See Hargrave v. State, Dep't of Trans. and Dev.*, 09-818 (La.App. 3 Cir. 4/7/10), 35 So.3d 437, *affirmed*, 10-1044 (La.1/19/11), 54 So.3d 1102. Therefore, we will amend the judgment to award legal interest on the attorney fees award from the date of the judgment.

In its first assignment of error, the City of Eunice argues the WCJ should have converted Carrier's TTD benefits to SEBs. The manifest error standard of appellate review governs this issue. *Smith v. La. Dep't of Corrections*, 93-1305 (La. 2/28/94),

633 So.2d 129. The WCJ found that it was premature to convert the benefits and as part of his judgment ordered additional vocational rehabilitation in an effort to resolve the issue of whether Carrier was capable of returning to work. It is clear from the WCJ's reasons for ruling that he found the rehabilitation services provided to Carrier were insufficient:

> There's no way that a reasonable, fair-minded person can look at both the transcript and the chronology of events and not conclude, or at least strongly suspect, that this vocational rehabilitation was conducted solely, totally, and completely in support of the employer's motives and benefit. The entire exercise was self-serving for the employer and utterly useless for the worker.
>
> I find it disingenuous for the defendant to complain that Mr. Carrier has been less than cooperative and enthusiastic in response to his vocational rehabilitation program which in my most charitable and expansive moments I'd describe as formulaic and bureaucratic.

The WCJ found that the medical evidence did show that Carrier could possibly engage in some employment. Thus, he ordered face-to-face meetings with a vocational rehabilitation counselor to determine what type of work, if any, Carrier could perform, taking into account not only his physical condition but also his skills and mental abilities. We find no manifest error in the determination of the WCJ's order or in his decision to delay ruling on the issue of conversion to SEBs until after proper vocational rehabilitation had been accomplished. This assignment of error lacks merit.

In response to the City of Eunice's request that we award damages for frivolous appeal, we find that Carrier was successful, at least partially, in his appeal. Thus, we find no merit in the argument that the appeal is frivolous.

Finally, Carrier seeks attorney fees for work done on appeal. Given that he was partially successful in his appeal and that he successfully defended the answer to the appeal, we award $2,000.00 for work done on appeal.

4

## CONCLUSION

The judgment of the WCJ is amended to include an award of legal interest on the attorney fees awarded to Carrier from the date of the judgment below. In all other respects, the judgment of the WCJ is affirmed. We award additional attorney fees to Carrier in the amount of $2,000.00. Costs of this appeal are assessed to the City of Eunice in the amount of $2,373.18

**AFFIRMED AS AMENDED.**