# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 14-1027

**BILLY CARRIER**

**VERSUS**

**TIFFANY HARRINGTON**

************

APPEAL FROM THE
OFFICE OF WORKERS COMPENSATION
PARISH OF ST. LANDRY, NO. 11-6505
HONORABLE ADAM JOHNSON, WORKERS COMPENSATION JUDGE

************

**SYLVIA R. COOKS
JUDGE**

************

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett and Shannon J. Gremillion, Judges.

**AFFIRMED.**

**Keogh, Cox & Wilson, Ltd.**
**Kirk L. Landry**
**Virginia J. Mclin**
**P.O. Box 1151**
**Baton Rouge, LA  70821**
**(225) 383-3796**
**COUNSEL FOR APPELLEE: Tiffany Harrington**

**Michael B. Miller**
**P.O. Drawer 1630**
**Crowley, LA  70527-1630**
**(337) 785-9500**
**COUNSEL FOR APPELLANT: Billy Carrier**

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

Billy Carrier (Carrier) was injured in a work related accident in February 2006 during his employment with the City of Eunice, Louisiana. The City paid benefits initially, but disputes between the parties arose in 2008. On September 13, 2010, Carrier's action against the City was heard before the Honorable Judge Sam Lowery. Tiffany Harrington (Harrington), the vocational rehabilitation counselor assigned to Carrier, was called as a witness in the proceeding before Judge Lowery. Harrington testified regarding the availability of jobs to establish Carrier's wage earning capacity which evidence the City used to support its effort to reduce or eliminate Carrier's weekly benefits. Judge Lowery found Harrington's objections to certain conditions set forth by Carrier's counsel concerning her services as vocational rehabilitation counselor were unsupportable under the decision in *Crain Bros., Inc. v. Richard*, 02-1342 (La.App. 3 Cir. 4/9/03), 842 So.2d 523. The City then filed writs with this court and the Louisiana State Supreme Court which were denied.

On writs, this court upheld Judge Lowery's ruling, noting his findings concerning Harrington's services:

> The WCJ found that it was premature to convert the benefits and as part of his judgment ordered additional vocational rehabilitation in an effort to resolve the issue of whether Carrier was capable of returning to work. It is clear from the WCJ's reasons for ruling that he found the rehabilitation services provided to Carrier were insufficient:
>
> > *There's no way that a reasonable, fair-minded person can look at both the transcript and the chronology of events and not conclude, or at least strongly suspect, that this vocational rehabilitation was conducted solely, totally, and completely in support of the employer's*

> *motives and benefit. The entire exercise was self-serving for the employer and utterly useless for the worker.*
>
> *I find it disingenuous for the defendant to complain that Mr. Carrier has been less than cooperative and enthusiastic in response to his vocational rehabilitation program which in my most charitable and expansive moments I'd describe as formulaic and bureaucratic.*

> The WCJ found that the medical evidence did show that Carrier could possibly engage in some employment. Thus, he ordered face-to-face meetings with a vocational rehabilitation counselor to determine what type of work, if any, Carrier could perform, taking into account not only his physical condition but also his skills and mental abilities. We find no manifest error in the determination of the WCJ's order or in his decision to delay ruling on the issue of conversion to SEBs until after proper vocational rehabilitation had been accomplished.

*Carrier v. City of Eunice*, 11-748, p. 4 (La. App. 3 Cir. 12/7/11), 80 So.3d 650, 653-54; *writ denied*, 13-1087 (La. 6/21/13), 118 So.3d 422. (emphasis added)

Harrington did not comply with the conditions imposed by Carrier's counsel and authorized by the court. She testified in the current matter she was not aware of the Motion to Compel filed in the matter before Judge Lowery, and was not aware of the writs taken in that matter until just before the hearing in which Judge Adam Johnson heard the current claim against her.

Judge Johnson issued an oral ruling finding Carrier failed to prove Harrington made any false statement with the intent to defeat Carrier's entitlement to worker's compensation benefits. Carrier appeals, asserting "the workers' compensation judge erred in failing to find that Tiffany Blanchard Harrington violated LSA R.S. 23:1208." Carrier further asks this court to award damages to Carrier "in the amount of $5,000.00 and assign this case to the District Attorney's office for criminal prosecution."

**ANALYSIS**

We review the workers compensation judge's (WCJ) ruling under the manifest error standard of review.

> Factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review. In applying the manifest error standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one." *Foster v. Rabalais Masonry, Inc.,* 01–1394, p. 2 (La.App. 3 Cir. 3/6/02), 811 So.2d 1160, 1162, *writ denied,* 02–1164 (La.6/14/02), 818 So.2d 784 (citations omitted).

*Burke v. Venture Transport Logistics, LLC*, 13-753, p.5 (La.App. 3 Cir. 1/22/14), 131 So.3d 530, 535-36. *See also*, *Banks v. Industrial Roofing & Sheet Metal Works,* 96–2840 (La.7/1/97), 696 So.2d 551.

> Where there are two permissible views of the evidence, a factfinder's choice between them can never be manifestly erroneous or clearly wrong. *Banks,* 96–2840 at p. 8, 696 So.2d at 556; *State v. Stobart,* 617 So.2d 880 (La. 1993). "Thus, 'if the [factfinder's] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.' " *Banks,* 96–2840 at p. 8, 696 So.2d at 556 (quoting *Sistler v. Liberty Mut. Ins. Co.,* 558 So.2d 1106, 1112 (La.1990). *Seal v. Gaylord Container Corp.,* 97–0688, p. 4 (La.12/2/91), 704 So.2d 1161, 1164 (alteration in original).

*Gradney v. Louisiana Commercial Laundry*, 09-1465, p. 2 (La.App. 3 Cir. 5/12/10), 38 So.3d 1115, 1118.

In *Woodard v. Town of Colfax*, 09-892, p. 6-7 (La.App. 3 Cir.2/3/10), 20 So.3d 703,707, we reiterated the well-established rule that determinations of credibility of witnesses in workers' compensation proceedings are left to the WCJ:

> As stated in *Rosell v. ESCO,* 549 So.2d 840, 844–45 (La.1989):
>
> > When findings are based on determinations regarding the credibility of witnesses, the manifest error—clearly wrong standard demands great deference to the trier of fact's findings; for only the factfinder can

3

be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Where documents or objective evidence so contradict the witness's story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit the witness's story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. But where such factors are not present, and a factfinder's finding is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong.

*Bigge v. The Lemoine Co.,* 04–1191, pp. 2–4 (La.App. 3 Cir. 3/2/05), 896 So.2d 269, 271–72.

The WCJ specifically stated in his oral ruling:

In assessing Ms. Harrington's testimony, the Court observed her gestures, tone of voice, responses and reactions to questions, and her overall demeanor. This Court makes a specific finding that Ms. Harrington's testimony was credible.

Ms. Harrington testified as follows:

Q. (By Mr. Landry) So what did you do when you went to trial?

A. (Harrington) Answered the questions that were propounded to me.

Q. Did your testimony from your perspective, was it designed to defeat Mr. Carrier's claim?

. . . .

A. No. I don't think so.

Q. You were just answering the questions?

A. Yes.

Q. Did you have any interest in whether Mr. Carrier received workers compensation benefits or didn't receive workers compensation benefits?

A. No, I have no control over it either way.

Q. Your testimony wasn't designed to defeat him?

A. No.

4

. . . .

Q. Did you have any discussions with anybody about ways to defeat Mr. Carrier's workers compensation benefits?

A. No.

Q. Did you intentionally make any false statements in your testimony at that trial?

A. No.

Louisiana Revised Statute 23:1208(A) provides:

It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provision of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.

The Louisiana State Supreme Court in *Resweber v. Hariot Construction Co.*, 94-2708 (La. 9/5/95), 660 So.2d 7, 12, set forth what a party bringing a claim under La.R.S. 23:1208 must prove in order to prevail: "(1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the purpose of obtaining or defeating any benefit or payment." *See also Gardner v. Nabors Offshore Corp.*, 01-773 (La.App. 3 Cir. 11/21/01), 800 So.2d 412. The WCJ found Harrington's testimony credible. He was in the best position to judge Harrington's credibility. Carrier was unable to put forth any evidence to prove that Harrington intentionally made false statements for the purpose of defeating Carrier's claim for workers compensation benefits. We cannot conclude from the evidence presented that the WCJ manifestly erred in his findings.

Most of the cases addressing false statements under La.R.S. 23:1208 involve alleged false statements by claimants. In those cases we hold the employer to a heavy burden of proof. In *Sowell v. Process Equipment,* 06-1198, p.11 (La.App. 3

5

Cir. 2/7/07), 948 So.2d 1214, 1221, *writ denied*, 07-482 (La. 4/20/07), 954 So.2d 169, we reiterated the well-settled law on this subject:

> In *Scallon v. Boise Cascade Corp.*, 05-327, p. 5 (La.App. 3 Cir. 11/2/05), 915 So.2d 1004, 1007-08, this court stated the following regarding a claim for forfeiture of workers' compensation benefits:
>
> > The Louisiana Supreme Court has interpreted La.R.S. 23:1208 as providing for the forfeiture of workers' compensation benefits when a claimant (1) makes a false statement or representation; (2) that statement or representation is willfully made; and (3) the false statement or representation is made for the purpose of obtaining or defeating any benefit or payment. *Resweber v. Haroil Constr. Co.*, 94-2708 (La.9/5/95), 660 So.2d 7. A forfeiture pursuant to La.R.S. 23:1208 is not necessary where the false statement is inconsequential or was made inadvertently. *Jeanise v. Cannon*, 04-1049 (La.App. 3 Cir. 2/23/05), 895 So.2d 651. "Forfeiture of benefits under La.R.S. 23:1208 is a harsh remedy which must be strictly construed." *Regan v. Eunice Superette, Inc.*, 04-227, p. 5 (La.App. 3 Cir. 9/29/04), 884 So.2d 1209, 1213. A workers' compensation judge's determination whether an employee has forfeited his or her right to workers' compensation benefits is a finding of fact that will not be reversed on appeal in the absence of manifest error. *Smith v. Quarles Drilling Co.*, 99-171 (La.App. 3 Cir. 6/2/99), 741 So.2d 829, *writ denied*, 99-1949 (La.10/8/99), 751 So.2d 227.

We must employ the same standards when, as here, the party seeking enforcement of La.R.S. 23:1208 is the claimant. Harrington is entitled to the same treatment as claimants in determining whether any statements she made were made with the willful intent to deprive Carrier of his workers' compensation benefits.

In addition to this testimony, the WCJ also found the following testimony by Harrington had an important bearing on her failure to comply with Judge Lowery's ruling.

> Q. (By Mr. Landry) There's been some suggestion that there was a Motion to Compel vocational rehabilitation services or some other similar motion related to Mr. Carrier's claim in the testimony today. Do you know anything about that?

6

A. No. I was – actually I was made aware in January of this year that they actually had a motion.

Q. How were you made aware of that?

A. It was right before the trial, January 8. Mr. Miller, I think, presented it.

Q. Did you participate in that hearing?

A. No.

Q. Did – are you aware that anybody took a writ from any ruling from that hearing?

A. No. I wasn't aware of that hearing or the ruling, or that it even took place. I was –

Q. Until when?

A. Until January of this year.

The WCJ could reasonably conclude from this testimony Harrington had no willful intent to disobey Judge Lowery's ruling regarding the conditions Carrier's counsel sought to impose on her as Carrier's vocational rehabilitation counselor.

For the reasons stated, we affirm the WCJ's ruling. All costs of this appeal are assessed against Carrier.

**AFFIRMED**.